UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-22778-RAR

**ODETTE BLANCO DE FERNANDEZ**
*née* **BLANCO ROSELL**, *et al.*,

    Plaintiffs,

v.

**CMA CGM S.A. (*a/k/a* CMA CGM
THE FRENCH LINE, *a/k/a* CMA CGM GROUP)**, *et al.*,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S
## MOTION FOR LEAVE TO AMEND COMPLAINT

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Leave to Amend Complaint ("Motion to Amend"), [ECF No. 152], filed on July 28, 2023. On September 6, 2022, Plaintiff filed an Amended Complaint. [ECF No. 65]. On July 20, 2023, this Court entered an Order Adopting Report and Recommendation, which granted in part Defendants' Motion to Dismiss the Amended Complaint. Order [ECF No. 151]. The Court did not require Plaintiff to submit a Second Amended Complaint; rather the Court ordered Defendants to file an Answer to the Amended Complaint addressing any remaining claims. *Id.* at 28. Subsequently, on July 28, 2023, Plaintiff filed the Motion to Amend presently before the Court. Defendants filed a Response in Opposition to Plaintiff's Motion to Amend on August 11, 2023. [ECF No. 155]. Plaintiff's Motion to Amend is now ripe for consideration. The Court having carefully reviewed the pleadings and the record, and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Amend is **GRANTED** for the reasons stated below.

**BACKGROUND**

Plaintiff seeks to file a Second Amended Complaint to include allegations related to recently discovered information. Specifically, Plaintiff represents that through Defendants' document productions, Plaintiff has learned of services provided to CMA France and its vessels at the Port of Mariel, and through its own investigation, Plaintiff has discovered the locations of those service providers at the Port of Mariel. Mot. to Am. at 4–5. Plaintiff also represents that through her port operations expert witness, Plaintiff has discovered that the infrastructure at Port of Mariel—which occupies and uses Plaintiff's allegedly confiscated land—is used for delivering cargo from CMA Frances' vessels to customers in Cuba. *Id.* at 6. Lastly, Plaintiff states she has learned that Defendants have continued their purported trafficking activities after the filing of Plaintiff's initial Complaint, which is relevant to Defendants' knowledge and intent. *Id.* at 7. These new discoveries form the basis of the additions Plaintiff seeks to include in her Second Amended Complaint.

Defendants oppose Plaintiff's Motion to Amend for four reasons. First, Defendants argue Plaintiff unduly delayed in moving for leave to amend because the Motion to Amend was filed after an agreed cut-off date entered by the District Judge previously assigned to this case; Plaintiff contemplated these amendments throughout the spring of this year; and the facts that Plaintiff alleges are newly discovered were known to Plaintiff previously. Resp. at 6–12. Second, Defendants assert that Plaintiff seeks to further amend the Amended Complaint for the improper purpose of avoiding collateral estoppel and gaining a tactical advantage because in another case, a court in this district has already rejected Plaintiff's first effort to establish similar indirect trafficking. *Id.* at 12–13 (citing *de Fernandez v. Seaboard Marine, Ltd.*, No. 20-25176, ECF No. 268 (S.D. Fla. Aug. 19, 2022)). Third, Defendants argue that Plaintiff's proposed

amendment would be futile because Plaintiff has failed to show the inapplicability of collateral estoppel to the amendments, and her claims are collaterally estopped. *Id.* at 14–19. Lastly, Defendants argue that Plaintiff's proposed amendments regarding Defendants' continued trafficking are unnecessary or unsupported. *Id.* at 20.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) states that "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The decision whether to grant leave to amend is within the sound discretion of the trial court[.]" *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 249 (11th Cir. 1982). Courts consider several factors when ruling on a motion for leave to amend including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *Perez v. Wells Fargo N.A.*, 744 F.3d 1329, 1340 (11th Cir. 2014) (cleaned up).

## **ANALYSIS**

Here, the Court "freely gives" leave for Plaintiff to file a Second Amended Complaint. The Court agrees with Plaintiff that her Motion to Amend will not cause undue delays or prejudice in this case and the proposed amendments are not futile. *See* Mot. to Am. at 8–10. Moreover, the Court is not persuaded by Defendants' arguments that Plaintiff's Motion to Amend was delayed, is precluded by collateral estoppel, or is unnecessary. *See* Resp. generally.

To begin, Plaintiff has not unduly delayed in moving for leave to amend. When the case was re-assigned to this Court, the Court denied the parties' Joint Motion to Modify Scheduling Order and informed the parties that the Court would request an updated scheduling report after the Court ruled on the then-pending Motion to Dismiss. [ECF No. 108]. Plaintiff filed the

Motion to Amend eight days after the Court issued its Order on the Motion to Dismiss and before the Court required an updated scheduling report. Accordingly, the Court finds Plaintiff has not unduly delayed in filing her Motion to Amend.

Further, at this stage, the Court does not find that collateral estoppel precludes Plaintiff from filing a Second Amended Complaint. Plaintiff represents her proposed amendments are based on newly discovered information. Mot. at 1. Plaintiff also represents her proposed amendments would support the portions of her pleadings that survived the Court's Order on Defendants' Motion to Dismiss. *Id.* at 10. Thus, the Court does not find a "lack of good cause" as Defendants argue. *See* Resp. at 12. Similarly, the Court is not persuaded that at this stage, Plaintiff's amendments would be futile because of collateral estoppel. Plaintiff claims she has discovered new information, and Defendants argue this information is not new. *See* Mot. at 1–2; Resp. at 16. Defendants are not precluded from arguing collateral estoppel at a later date, but it is not an argument that precludes Plaintiff from filing a Second Amended Complaint at this time.

Finally, the Court does not find that Plaintiff's proposed amendments are unnecessary or unsupported. Defendants argue that Plaintiff's effort to add more facts on an issue already included in the Amended Complaint does not justify leave to amend. *Id.* at 20. Defendants also fault Plaintiff for failing to specifically identify every proposed word change in her Motion to Amend. *Id.* However, Plaintiff's Motion to Amend sufficiently explains her reasoning for the amendments and how the amendments contribute to the existing legal claims. Absent some "substantial reason" to deny leave to amend, "the discretion of the district court is not broad enough to permit denial." *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996) (citations omitted). Thus, Defendants' argument that the proposed amendments are unnecessary is not a substantial reason to deny Plaintiff's Motion to Amend.

**CONCLUSION**

In sum, the Court does not find bad faith or untimeliness, undue prejudice to Defendants due to collateral estoppel, nor futility of amendment. For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Amend, [ECF No. 152], is **GRANTED**. Plaintiff shall file its Second Amended Complaint as a separate docket entry on or before **August 18, 2023**. Defendants may file either a combined response or individual answers to the Second Amended Complaint within **fourteen (14) days** of service.

**DONE AND ORDERED** in Miami, Florida, this 14th day of August, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**