**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:21-CV-22778-DAMIAN/AUGUSTIN-BIRCH**

ODETTE BLANCO DE FERNANDEZ,

      **Plaintiff,**

v.

CMA CGM S.A., *et al.*,

      **Defendants.**

_____/

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM PLAINTIFF [DE 250]**

This cause comes before the Court on Defendants CMA CGM S.A. and CMA CGM (America) LLC's Motion to Compel Discovery from Plaintiff.  DE 250.  Plaintiff Odette Blanco De Fernandez responded to the Motion to Compel, and Defendants replied.  DE 252; DE 253.

The Court has scheduled a Discovery Hearing on the Motion to Compel for August 1, 2024, at 3:00 p.m.  DE 249.  However, upon review of the briefing, the Court concludes that it can resolve the Motion to Compel without the Discovery Hearing.  The Court has carefully considered the briefing and the record and is otherwise fully advised in the premises.  For the reasons set forth below, the Motion to Compel is **GRANTED IN PART AND DENIED IN PART**.  The Discovery Hearing scheduled for August 1, 2024, at 3:00 p.m. is **CANCELED**.

Plaintiff's Second Amended Complaint raises one count under Title III of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996, also known as the Helms-Burton Act.  DE 160 at 50.  The Court summarized the relevant provisions of the Helms-Burton Act and Plaintiff's allegations in a prior Order entered on May 24, 2024, at docket entry 230.  In the Motion

to Compel that is now before the Court, Defendants make requests that fall under two categories:

(1) compliance with that May 24 Order, and (2) production of purportedly privileged documents.

### A. Compliance with the May 24 Order

Ruling on a prior Motion to Compel [DE 209] wherein Defendants sought Plaintiff's

responses to their third set of requests for production of documents, the Court's May 24 Order

provided as follows:

> [F]or any documents (whether or not subject to a protective order) that Plaintiff received from a defendant in *De Fernandez v. Seaboard Marine Ltd.*, 1:20-cv-25176 (S.D. Fla.) or from a defendant in *De Fernandez v. Crowley Maritime Corp.*, 1:21-cv-20443 (S.D. Fla.), the Motion to Compel is denied.  Of the various lawsuits that Plaintiff lists as having brought against shipping companies, those two lawsuits are the ones in which protective orders have been entered.  *See* DE 160 ¶ 87 & n.9 (listing lawsuits).  Defendants have the option to subpoena the defendants to those lawsuits to produce documents.  For any other responsive documents that Plaintiff has within her possession, custody, or control, the Motion to Compel is granted, there being no protective order barring production.

DE 230 at 10.   This ruling resolved Plaintiff's objection that she could not produce certain

responsive documents because she received them subject to protective orders entered in other

lawsuits, and the providing parties in those other lawsuits would not grant her permission to

disclose the documents for the purpose of this lawsuit.

Before turning to the instant Motion to Compel, the Court must correct Plaintiff's

misrepresentation of the Court's prior ruling.  Plaintiff states that the May 24 Order "only requires

her to produce documents to the extent she receives documents from other defendants in her other

lawsuits."  DE 252 at 3.  Plaintiff's statement is a misrepresentation because the May 24 Order

does not limit production to documents Plaintiff receives in other lawsuits.  As already quoted

above, the May 24 Order requires production of "*any* . . . responsive documents that Plaintiff has

within her possession, custody, or control" other than those "documents (whether or not subject to

a protective order) that Plaintiff received from a defendant in *De Fernandez v. Seaboard Marine*

*Ltd.*, 1:20-cv-25176 (S.D. Fla.) or from a defendant in *De Fernandez v. Crowley Maritime Corp.*, 1:21-cv-20443 (S.D. Fla.)." DE 230 at 10 (emphasis added).

In the instant Motion to Compel, Defendants request that Plaintiff "be compelled to . . . search for and collect responsive documents as previously ordered by this Court." DE 250 at 3. Plaintiff, as well as Defendants, already are obligated to comply with Court Orders. The Court does not need to enter a separate Order compelling a party to comply with Court Orders.

The parties' briefing presents an additional issue concerning the scope of Plaintiff's obligation to produce responsive documents. The parties do not disagree about the basic standard that governs the obligation to produce responsive documents. That standard is that a responding party is required to produce "items in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "Under Fed. R. Civ. P. 34, control is the test with regard to the production of documents. Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *see also Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 471 (S.D. Fla. 2011) ("Control, therefore, does not require that a party have legal ownership or actual physical possession of the documents at issue; indeed, documents have been considered to be under a party's control (for discovery purposes) when that party has the right, authority, or practical ability to obtain the materials sought on demand." (quotation marks omitted)). "The party seeking production bears the burden of establishing that the opposing party has control over the documents sought." *Al-Saadi v. Annchery Fajas USA, Inc.*, No. 20-23937-CIV, 2021 WL 8773350, at *3 (S.D. Fla. Nov. 29, 2021).

Defendants contend that Plaintiff refuses to confirm that she produced responsive documents that her attorneys, her disclosed agent Jorge Rosado, and her family members possess.

DE 250 at 2–3.  Documents that an attorney gathers or creates pursuant to the representation of a

client are documents within that client's control.  *Marshall v. Cont'l Cas. Co.*, No. 8:07-CV-703-

T-23MSS, 2008 WL 11336590, at \*1 (M.D. Fla. Apr. 22, 2008).  Plaintiff does not contest this

proposition.  She represents to the Court that Defendants already have her responsive documents.

DE 252 at 3 ("Defendants . . . have Plaintiff's responsive documents.").

At least one attorney of record must sign a discovery response.  Fed. R. Civ. P. 26(g)(1).

"[T]he signature certifies that the lawyer has made a reasonable effort to assure that the client has

provided all the information and documents available to him that are responsive to the discovery

demand."  Fed. R. Civ. P. 26(g) advisory committee's note to 1983 amendment.  Further,

> a party responding to a request for production of documents or materials shall
> serve a Notice of Completion of Production at the time that party produces (or
> otherwise makes available) the last of the documents or other materials that are
> responsive to the request that are not being withheld pursuant to an objection.

Southern District of Florida Local Rule 26.1(e)(7).  If Plaintiff's responses are complete as she

maintains, an attorney should sign them in accordance with Rule 26(g)(1), thereby certifying that

they are complete, and Plaintiff should serve a Notice of Completion of Production in accordance

with Local Rule 26.1(e)(7).  If Defendants learn that Plaintiff's responses are incomplete,

Defendants may file an appropriate motion that complies with this Court's discovery procedures.

*See* DE 224 (Order Setting Discovery Procedures).  To avoid doubt in the future as to the

completeness of any discovery responses, Plaintiff and Defendants must comply with

Rule 26(g)(1) and Local Rule 26.1(e)(7).

"A principal is deemed to have control over documents in the possession of its agent."

*Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-CV-557-T-27EAJ, 2013 WL 12156100, at \*4 (M.D.

Fla. Dec. 13, 2013).  Plaintiff does not contest this proposition, nor does she contest that Jorge

Rosado is her agent.  She represents to the Court that Defendants already have her responsive

4

documents and that Mr. Rosado does not have any responsive, non-privileged documents.[1]
DE 252 at 2 ("Mr. Rosado does not have responsive, non-privileged documents."); *id.* at 3
("Defendants . . . have Plaintiff's responsive documents."). Again, if Plaintiff's responses are
complete as she maintains, an attorney should sign them in accordance with Rule 26(g)(1), and
Plaintiff should serve a Notice of Completion of Production in accordance with Local
Rule 26.1(e)(7).

Defendants also maintain that Plaintiff's family members are her agents, such that Plaintiff
must produce responsive documents in her family members' possession. DE 250 at 2 ("These
family members have plainly acted as agents of Plaintiff Fernandez."). Defendants contend that
the following shows that Plaintiff's family members are her agents: (1) the family members are
communicating with Plaintiff's counsel; (2) the family members are supporting Plaintiff's
litigation; and (3) Plaintiff previously produced documents from the family members. *Id.*

Defendants cite no authority supporting a proposition that Plaintiff's family members meet
the legal definition of an agent because they may be communicating with her counsel and/or
supporting her litigation. *See Black's Law Dictionary* (12th ed. 2024) (defining "agent" as
"[s]omeone who is authorized to act for or in place of another; a representative" and defining
"agency" as a "fiduciary relationship that arises when one person (a principal) manifests assent to
another (an agent) that the agent will act on the principal's behalf, subject to the principal's control,
and the agent manifests assent or otherwise consents to do so"). Further, Defendants do not show
that Plaintiff herself has produced documents from family members, which, if shown, *might*
indicate that she has some control over them and the ability to demand that they give her

---

[1] Responsive, privileged documents should be logged on a privilege log that complies with Federal Rule of Civil
Procedure 26(b)(5)(A) and Southern District of Florida Local Rule 26.1(e)(2)(B).

documents.[2]  Plaintiff points out that the family members produced documents themselves when they previously had active claims in this lawsuit and, later, as a result of third-party subpoenas. *See* DE 252 at 3 n.2; DE 221-4 (subpoenas); DE 221-1 (responses to subpoenas objecting that the subpoenaed individuals produced responsive, non-privileged documents before the dismissal of their claims).  Defendants have not satisfied their burden to show that Plaintiff controls documents in her family members' possession, such that she must produce them.  *See Al-Saadi*, 2021 WL 8773350, at *3 ("The party seeking production bears the burden of establishing that the opposing party has control over the documents sought.").

Defendants assert that, even if Plaintiff's family members are not her agents, those family members themselves are plaintiffs in this case and are obligated to comply with the Court's Orders and produce responsive discovery.  DE 253 at 3.  Defendants point out that while the Honorable Rodolfo A. Ruiz, II, United States District Court Judge, dismissed the claims of certain family members [*see* DE 151 at 28], there has been no entry of final judgment against those family members on their claims.  DE 253 at 3.  Defendants highlight the following emphasized language in Federal Rule of Civil Procedure 54(b):

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *does not end the action as to any of the claims or parties* and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added).

---

[2] The Court does not determine what would suffice to demonstrate the existence of an agency, as the parties have not briefed that issue.

The "obvious purpose" of Rule 54(b) is to provide clarity and certainty regarding the right to appeal. *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 512 (1950). A party whose claims are dismissed but who lacks a Rule 54(b) judgment does not remain a party for all purposes. *See In re Agent Orange Prod. Liab. Litig. MDL No. 381*, 818 F.2d 145, 162–63 (2d Cir. 1987) ("Because the purpose of [Rule 54(b)] is thus only to clarify the appealability of an order, a dismissed defendant who fails to obtain a Rule 54(b) certification does not remain a party to the case for purposes of determining diversity."). A dismissed party who lacks a Rule 54(b) judgment is not subject to the same discovery obligations as an active party to a lawsuit. *See Stanford v. Kuwait Airlines Corp.*, No. 85 Civ. 0477, 1987 WL 26829, at *2–3 (S.D.N.Y. Nov. 25, 1987) (rejecting a plaintiff's arguments that a dismissed defendant was "still a party to this action because this Court has not expressly directed final judgment for [the defendant] under Rule 54(b)" and was subject to discovery obligations as a party).

To the extent that Defendants seek to compel Plaintiff's family members to comply with the May 24 Order, Defendants' request is denied. The Second Amended Complaint, which is the operative complaint in this lawsuit, is brought only by Plaintiff Odette Blanco De Fernandez. *See* DE 160. The discovery requests that were the subject of the May 24 Order—Defendants' third set of requests for production of documents—were directed only to Plaintiff. *See* DE 209-3. Defendants' Motion to Compel documents responsive to their third set of requests for production of documents was directed only to Plaintiff. *See* DE 209. And the May 24 Order's ruling compelling Plaintiff to respond to Defendants' third set of requests for production of documents (with the exception of documents that Plaintiff received from a defendant in the *Seaboard Marine* and *Crowley Maritime* lawsuits) was directed only to Plaintiff. *See* DE 230 at 10. In addition, Defendants directed the instant Motion to Compel only to Plaintiff. *See* DE 250. If Defendants

seek relief as to some other individual, they should file an appropriate motion directed to that individual.

Finally on the topic of agents, Defendants request that Plaintiff "be compelled to . . . identify any and all agents (formal or informal) working to advance Plaintiff Fernandez's case." *Id.* at 3.  Defendants cite no authority supporting a grant of this request, and therefore the request is denied.

### B. Privileged Documents

Defendants seek a ruling that assertions of the common-interest privilege and work product protection included on a privilege log served on June 24 were waived.  *Id.*  Plaintiff points out that this privilege log is not her privilege log.  DE 252 at 3–4.  The privilege log is that of Emma, Eduardo, and Liana Blanco, individuals whose claims Judge Ruiz dismissed.  *See* DE 250-3; DE 151 at 28.  Meanwhile, Defendants directed their Motion to Compel only to Plaintiff and misattributed the privilege log to her.  DE 250.  Defendants should file an appropriate motion directed toward Emma, Eduardo, and Liana Blanco if Defendants seek to challenge those individuals' assertions of the common-interest privilege and work product protection.

For the foregoing reasons, Defendants' Motion to Compel Discovery from Plaintiff [DE 250] is **GRANTED IN PART AND DENIED IN PART**.  The Motion to Compel is granted only insofar as the Court orders Plaintiff (as well as Defendants) to indicate that discovery responses are complete by signing them in accordance with Federal Rule of Civil Procedure 26(g)(1) and serving Notices of Completion of Production in accordance with Southern

District of Florida Local Rule 26.1(e)(7).   The Motion to Compel is otherwise denied.   The

Discovery Hearing scheduled for August 1, 2024, at 3:00 p.m. is **CANCELED**.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 30th day of July,

2024.

 

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE